Charles Montague vs. Boston & Fairhaven Iron Works.

Under the Gen. Sts. c. 129, § 24, a demurrer may be made to a distinct allegation in an answer, as well as to the whole answer, or to a distinct allegation in a count, as well as to the whole count.

Under the Gen. Sts. c. 129, § 23, it is no objection to a demurrer to part of an answer, that no replication is made to the other parts, if there is no order of the court for such a replication.

Under the Gen. Sts. c. 130, § 7, a plaintiff's demand for unliquidated damages is not the subject of set off.

Chapman, J. The plaintiff's declaration alleges that the defendants made a contract, a copy of which is annexed; that the plaintiff has performed it on his part, but the defendants have not performed it in several specified particulars. Whatever adaptation the answer might have to a suit in equity, most of it is not adapted to an action at law, and a great part of it ought to be stricken out as irrelevant. Most of its allegations do not tend to present an issue to the court or jury. But it contains a substantial admission of the making of the contract; a denial of performance by the plaintiff, and of a breach by the defendants. These denials present proper issues of fact to a jury.

The answer also alleges that on the 16th of November 1866, the parties made another contract, a copy of which is annexed to the answer, and, though performance of it is not alleged, the answer avers that it is a waiver of the action or a bar to the action. It is not pleaded as a release, or an accord and satisfaction; and on its face it is neither; nor does it of itself constitute any defence known to the law, nor is it aided by any averments of fact.

To this part of the answer the plaintiff demurs, assigning a special cause of demurrer; but he makes no replication to any other part. One of the questions reserved is whether this demurrer is good.

Under the system of special pleading, if a plea contained distinct matters, divisible in their nature, the plaintiff, instead of a general demurrer to the whole plea, should confine his demurrer to the matters illy pleaded, and traverse the residue of the plea.

*Douglass* v. *Satterlee*, 11 Johns. 16 – 21, and authorities there cited. Under our system, defences are made by answer. Gen. Sts. *c.* 129, § 13. And different consistent defences may be made in the same answer. Ib. § 16. Thus, by a single answer, the defendant may set up as many defences as he might have done by double pleading. The plaintiff, by § 12, may demur to the answer on the ground that it does not state a legal defence to the declaration, or some count thereof; and, by § 24, the replication may raise an issue in law by the statement that the plaintiff demurs to the answer, or to so much thereof as applies to one or more counts in the declaration, as the case may be, assigning specially the causes of demurrer; and in like manner either party may demur to the allegation of the other party. The last clause includes a right to demur to a particular and distinct allegation as well as to the whole answer, or to a distinct allegation in a count as well as to a whole count; and this makes the right to demur under our statute co-extensive with the right to demur under the system of special pleading. If this right did not exist, the inconvenience might not be very great, for the question of the legal insufficiency of the facts to constitute a defence, or to establish a right of action, may always be raised by a request for a ruling at the trial as fully as if there were a demurrer. The utility of a demurrer is sometimes in saving the expense of calling witnesses, and sometimes in obtaining a more speedy disposition of the case.

It is no objection to a demurrer to a part of an answer that the other parts of the answer are not replied to, for, by § 23, "no further pleading shall be required after the answer, except by order of the court as hereinafter mentioned." When no replication has been ordered, the cause is at issue to the jury upon the declaration and answer, except as to the part demurred to, which is at issue to the court; and it must stand for trial upon these issues. In this case, the part of the answer which is demurred to does not constitute a legal defence to the action, and therefore the demurrer must be sustained. Upon the declaration and the remaining part of the answer the cause must stand for trial by a jury.

The defendants also file a declaration in set off, to which the plaintiff demurs, and assigns as a special cause of demurrer that the matter therein set forth is not a lawful set off in this action. The objection is founded upon Gen. Sts. *c.* 130, § 7, which provides that a set off shall be allowed in all actions founded upon demands which could themselves be the subject of set off according to law, and in no others. The plaintiff's demand in this case could not be the subject of set off, because it is for unliquidated damages. The demurrer is therefore good, and must be sustained.

*Cause to stand for trial upon the issues to the jury.*

*J. C. Stone,* for the plaintiff.

*T. M. Stetson,* for the defendants.