ALBERT F. CHACE *vs.* JOHN SHERMAN.

Bristol. Oct. 27, 1875. — Jan. 10, 1876. MORTON & LORD, JJ., absent.

A declaration for slander which alleges, in the form prescribed by the Gen. Sts. c. 129, that the defendant charged the plaintiff with a certain crime "by words spoken of the plaintiff substantially as follows," is supported by proof that the defendant spoke words substantially, though not precisely like those set out in the declaration.

A declaration for slander alleged that the defendant charged the plaintiff with burning his own mill, with the intent to defraud the insurers thereof, "by words spoken

of the plaintiff substantially as follows: He (meaning the plaintiff) burned it (meaning the said mill) because he was poor and wanted the money." At the trial there was evidence that the defendant charged the plaintiff with burning his own mill "to get his insurance." *Held,* that words were proved "substantially" as alleged, under the Gen. Sts. *c.* 129. *Held,* also, that the objection that the declaration did not show that the defendant charged the plaintiff with a crime, could be taken only by demurrer.

A declaration for slander alleged that the defendant accused the plaintiff, by certain words, which were set forth, of burning his own building with intent to defraud the insurers thereof. The defendant's answer contained a general denial, and alleged that "there are no sufficient allegations in said plaintiff's writ and declaration of any matter or thing to constitute the substance of slander in form and manner." *Held,* that, if the answer contained a demurrer, it could not first be treated as such in this court.

TORT for slander. The counts relied on at the trial were the first and third. The first count was as follows :

"And the plaintiff says that on the thirteenth day of November, 1873, he was the owner of a certain building, to wit, a saw-mill, at Swansey, in said county, and in use and occupation thereof; that said mill was insured, for the benefit of the plaintiff, against loss or damage by fire; that said mill or building was wholly destroyed by fire on or about the night of said thirteenth day of November; that afterwards the defendant publicly, falsely and maliciously accused the plaintiff of wilfully and maliciously burning the said building or mill, with the intent the insurers thereof to injure and defraud, by words spoken of the plaintiff substantially as follows : ' That damned cuss (meaning the plaintiff) burned his mill;' ' Albert Chace, he burned it, and every one around here thinks so,' ' or nearly every one.' ' He (meaning the plaintiff) burned it (meaning the said mill) because he was poor and wanted the money.' "

The third count was as follows : " And the plaintiff further says, that after said building or mill was consumed, as aforesaid, the defendant publicly, falsely and maliciously accused the plaintiff of wilfully burning said building or mill, insured as aforesaid, and as set out in the first count of the declaration, with intent to defraud the insurers thereof, in words spoken of the plaintiff substantially as follows : ' He (meaning the plaintiff) burned it (meaning said building or mill) because he (meaning the plaintiff) was poor and wanted the money,' thereby meaning the amount said building or mill was insured for."

The answer contained a general denial, and alleged that " there are no sufficient allegations in said plaintiff's writ and declaration of any matter or thing to constitute the substance of slander in form and manner."

At the trial in the Superior Court, before *Aldrich*, J., the only testimony put in by the plaintiff to prove the speaking of the words alleged was the following :

John A. Davis testified that on the morning after the mill was burned he had a talk with the defendant about the burning of the mill, and the defendant told him " he knew the mill would be burnt, and the mill was burnt, and Albert F. Chace burnt it to get his insurance."

James Baker testified that some time between the middle of November and December 1, 1873, he had a conversation with the defendant about the mill, and the defendant said, " The damned cuss set his mill afire to get his insurance ; the damned cuss set it on fire to get his insurance for he had about spent his money."

James Barney testified that on January 1, 1874, he had a conversation with the defendant about the burning of the mill ; that he asked the defendant how the mill was burned, and he replied, " That damned cuss burned it ; " that he asked what damned cuss ? and he said, " Albert Chace, he would have to fail if he didn't ; " he also said the " mill was insured." "I said if it was insured he could not get the insurance money," to which the defendant replied, " he would look out about that." The witness also testified that in April of the same year, the defendant told him he would have him (the plaintiff) up for burning his mill and strip him.

The defendant asked the judge to instruct the jury as follows : " The words set out in the declaration must be, if not precisely, yet substantially proved. The evidence therefore must show the charge to have been made substantially as alleged so far even as the words are concerned. It cannot be shown that the same charge was made, but in another form, and in the use of substantially different language ; [and there is no testimony in the case upon which the jury would be authorized to find that the words contained in said declaration have been so proved, so far as to constitute slander."]

The judge gave these instructions except the clause printed in brackets, which he declined to give, and gave other and full instructions, not objected to, upon all other parts of the case. The jury found for the plaintiff; and the defendant alleged exceptions.

*J. M. Morton, Jr.*, for the defendant.

*H. K. Braley*, for the plaintiff.

DEVENS, J. The instructions requested by the defendant were given, except that there was "no testimony upon which the jury would be authorized to find that the words contained in said declaration have been so proved, so far as to constitute slander," which was refused.

The object of the mode of pleading prescribed by the Gen. Sts. *c*. 129, is to inform the defendant, not only of the nature of the charge alleged to have been made by him, but of the language in which it was uttered ; and it would not be competent to prove the same charge made by words substantially different from those set forth. *Baldwin* v. *Soule*, 6 Gray, 321. *Lee* v. *Kane*, 6 Gray, 495. *Doherty* v. *Brown*, 10 Gray, 250. *Payson* v. *Macomber*, 3 Allen, 69. *Clark* v. *Brown*, 116 Mass. 504. It is not, however, necessary to prove that the words were exactly those set forth in the declaration, but only substantially so, in order that it may appear that the crime was charged in the manner in which the plaintiff alleged it to have been charged. *Baldwin* v. *Soule, ubi supra*. *Robbins* v. *Fletcher*, 101 Mass. 115.

Upon the proof there must be deemed to have been evidence of the words substantially as the plaintiff alleged them, and sufficient to show that the crime was charged against the plaintiff as he alleged it to have been. *Baldwin* v. *Soule, ubi supra*. *Dancaster* v. *Hewson*, 2 Man. & Ry. 176. All the statements proved were accompanied by other statements as to the purpose for which the plaintiff burnt the mill, namely, to get the insurance upon it, which, important as they were in characterizing the charge, were not set out in the declaration; but these latter in no way diminished the effect of the words alleged, but on the contrary tended to show that they were used with the same meaning which the plaintiff sought to attribute to them. There was, therefore, testimony in the case that the words alleged had been used; and that they had been so used as to constitute slander was

also clear, as all of them had been uttered in connection with a statement that the purpose of the plaintiff had been to obtain payment for his mill, thus burnt, from the insurers.

The defendant contends that it is not actionable to accuse one of burning his own mill, and that so much of the declaration, as charges the plaintiff merely with this, sets forth no actionable slander, and must therefore be rejected. *Bloss* v. *Tobey*, 2 Pick. 320. *Tebbetts* v. *Goding*, 9 Gray, 254. But these words, when used in certain connections, are actionable; and the declaration alleges that, by the use of these words as set forth, the defendant charged the plaintiff with the crime of wilfully burning the mill with intent to defraud the insurers. It is the duty of the plaintiff, indeed, when the words are not in themselves intelligible, in the same sense in which he claims them to have been spoken, to make them so by a concise and clear statement, and by reference to such facts as may be necessary for that purpose, and, if he does not do this, the defendant may demur to the declaration. Gen. Sts. *c.* 129. *Brettun* v. *Anthony*, 103 Mass. 37. *York* v. *Johnson*, 116 Mass. 482. But this rule is for the benefit of the defendant, and if, because he is sufficiently informed of the connection in which the words were used, or of the facts to which they refer, or for any other reason, he neglects to demur, he cannot at the trial object to the insufficiency of the declaration, because it fails to show how or in what connection words, innocent of themselves, were used so as to import the crime which the plaintiff avers to have been charged by them. *Clay* v. *Brigham*, 8 Gray, 161. The question, then, to be passed upon is only whether the defendant used the words, making thereby the charge which the declaration avers that he did.

As argued by the defendant, the question of the legal insufficiency of the facts to constitute a defence or establish a right of action may be raised by a request for a ruling at the trial as fully as if there was a demurrer. *Montague* v. *Boston & Fairhaven Iron Works*, 97 Mass. 502. This, however, is quite a different proposition from that which he seeks to establish, namely, that where sufficient facts are shown to maintain the action he may avoid their effect because they have been defectively set forth. Enough was set forth by the declaration to show a cause of action, unless it were demurred to for its deficiency. *Clay* v. *Brigham, ubi supra.*

The defendant contends that the answer raises the question of sufficiency of the declaration. On examining it we do not find any intelligible demurrer, certainly not one in the form required by Gen. Sts. *c.* 129, § 11. If there were one, however, in every respect formal, it could not be now discussed. There is nothing to show that it was insisted upon at the trial, called to the attention of, or passed upon by, the presiding judge. Had he upon demurrer ruled the declaration sufficient, the defendant might have presented the matter by a proper exception to this court. Had he held the declaration insufficient, the plaintiff could have applied to him for leave to amend, which, on terms which he deemed suitable and just to both parties, he would undoubtedly have granted.                                    *Exceptions overruled.*