## C. F. TRACEY *vs.* JOTT GRANT.

Suffolk. Jan. 9. — May 9, 1884. DEVENS & HOLMES, JJ., absent.

In an action for the breach of a contract to pay a certain sum of money and to transfer a certain number of shares of the stock of a corporation, the plaintiff's demand is for an unliquidated sum, and is not subject to a set-off for money paid to the plaintiff's use; and an objection to evidence in support of the declaration in set-off is properly taken at the trial, although the plaintiff has answered to such declaration.

CONTRACT. The declaration alleged that, in consideration of services to be rendered by the plaintiff to the defendant, in procuring persons to organize a corporation, the defendant promised to pay the plaintiff $200 in cash, and to transfer to him one hundred shares of the capital stock of the corporation so to be formed; that the plaintiff rendered the services agreed upon, and organized the corporation; that the defendant refused to pay said money or transfer said stock; and that the plaintiff

claimed damages for the breach of the defendant's promise. The defendant filed a declaration in set-off, for money paid to the plaintiff's use ; and the plaintiff filed an answer to the same.

· At the trial in the Superior Court, before *Pitman*, J., before the defendant introduced any evidence in support of his declaration in set-off, the plaintiff asked the judge to rule that no evidence was admissible in support of the declaration in set-off, the claim of the plaintiff being a demand for unliquidated damages.· The defendant contended that the plaintiff had waived his objections to the declaration in set-off by answering thereto ; and that the demand of the plaintiff was itself a subject of set-off. The judge ruled that the declaration in set-off should be considered as out of the case, and that no evidence could be introduced in support of the same.

The jury returned a verdict for the plaintiff ; and the defendant alleged exceptions.

*C. B. Southard*, for the defendant.

*S. H. Dudley & W. P. Dudley*, for the plaintiff.

C. ALLEN, J.  1. The plaintiff's demand was for an unliquidated sum.  He sought to recover damages for the defendant's refusal to perform his promise.  That promise, as alleged, was to pay a certain sum of money and to transfer a certain number of shares.  This promise was alleged to have been broken ; and, for the breach, the plaintiff claimed damages.  These damages were unliquidated, and could not be ascertained by calculation, but would depend upon a consideration of how much the plaintiff was entitled to recover for the breach of the whole agreement of the defendant.  No set-off, therefore, could be allowed. Pub. Sts. *c.* 168, §§ 3, 7.

2. The plaintiff might properly take the objection at the trial, though no demurrer had been filed.  *Montague* v. *Boston & Fairhaven Iron Works*, 97 Mass. 502.  *Hubbard* v. *Mosely*, 11 Gray, 170. ·                              *Exceptions overruled.*