CHARLES M. MURPHY *vs.* JOHN W. RUSSELL & others.

Hampden.    January 27, 1909. — June 22, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Practice, Civil,* Ordering verdict, Demurrer, Parties, Declaration, Amendment.

The objection that the facts alleged in a declaration do not entitle the plaintiff to judgment can be raised by asking that a verdict be ordered for the defendant at the close of the evidence at the trial, as well as by demurrer.

At the trial of an action of tort for personal injuries received by the plaintiff from falling down an elevator well, where there are three defendants and one count of the declaration alleges that one of the defendants owned the building where the accident occurred and was negligent in failing to guard the elevator shaft and to keep it in repair, and other counts allege that the plaintiff was in the employ of the other two defendants, who were liable to him at common law and under R. L. c. 106, § 71, cl. 1, 2, as such employers, but no count sets forth a joint tort of all three defendants, it is proper for the presiding judge at the close of the evidence to order a verdict for the defendants and to refuse to allow the plaintiff to amend his declaration by adding a count alleging a further common law liability of two of the defendants as the plaintiff's employers.

TORT, for personal injuries received by the plaintiff while in the employ of two of the defendants, Merrill and Emerson, from falling down an elevator shaft in a building owned by Russell, the other defendant. Writ dated January 16, 1907.

The case was tried before *Hitchcock,* J. A verdict was ordered for the defendants under the circumstances stated in the opinion ; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*D. E. Leary, E. W. Beattie, Jr., & G. D. Cummings,* for the plaintiff.

*J. G. Dunning,* for the defendant Russell.

*C. T. Callahan,* for the defendants Merrill and Emerson.

LORING, J.  At the close of the evidence in this case the defendant Russell and the defendants Merrill and Emerson asked the judge to rule that on the pleadings and the evidence the plaintiff was not entitled to recover.  The judge granted the request and ordered a verdict for the defendants.

The defendants were sued jointly.  Russell was the owner of the building and Merrill and Emerson were tenants of the fifth floor, with a right to use the elevator in common with other tenants.

It is not necessary to consider whether the evidence warranted a finding that the accident to the plaintiff was caused by concurring negligence of both sets of defendants, for which a joint action could be maintained under the rule acted upon in *Feneff* v. *Boston & Maine Railroad,* 196 Mass. 575, where the earlier cases are collected.  Upon that point we express no opinion.

There was no count in the declaration which alleged a joint tort of that or of any other kind.  In the first count the plaintiff alleged that the defendant Russell as the owner of the building owed the plaintiff the duty of protecting the elevator shaft with gates and of keeping them in repair, and that the injury was caused by neglect of that duty.  In the second, third and fourth counts he sought to hold the defendants Merrill and Emerson liable on the ground that he was in their employ, and that they were negligent in the duty owed by them as employers to him as an employee at common law so far as the second and third counts are concerned, and under the employer's liability act so far as the fourth count went.

The objection that the facts alleged in the declaration do not entitle the plaintiff to judgment can be raised by asking that a verdict be ordered for the defendant as well as by demurrer. *Hervey* v. *Moseley,* 7 Gray, 479.  *Hubbard* v. *Mosely,* 11 Gray, 170.  *Nowlan* v. *Cain,* 3 Allen, 261, 263.  *Oliver* v. *Colonial Gold Co.* 11 Allen, 283.  *Oulighan* v. *Butler,* 189 Mass. 287, 289.  See also *Tracey* v. *Grant,* 137 Mass. 181.  This practice presumably grows out of the rule introduced in the practice acts of 1851 and 1852 (now R. L. c. 173, § 118), that judgment shall not be arrested for a cause existing before verdict unless the cause affects the jurisdiction of the court.

The count which the plaintiffs sought to add by way of

amendment was a count of the same kind as the second and third. If the judge had allowed it the plaintiff would have been no better off. For that reason it was a wise exercise of discretion on his part to deny it.

*Exceptions overruled.*