## THOMAS L. ROBINSON *vs.* LYDIA A. J. TROFITTER.

If exceptions to the rulings of a judge, who has tried a case without a jury, are sustained generally, his findings of fact are all set aside.

The first count of a declaration alleged a sale of land by auction by the defendant to the plaintiff; that the plaintiff paid the required deposit to the auctioneer, and in all other respects complied with the contract; but that the defendant refused to convey the land to him, and conveyed it to another. The second count was to recover the deposit. The answer denied every allegation of the declaration. At the trial, the plaintiff relied on the first count only. *Held*, that evidence that, since the filing of the answer, the plaintiff took the deposit from the auctioneer, was not admissible under the pleadings, either in bar of the action or on the question of damages.

CONTRACT. The first count of the declaration alleged that the plaintiff bought and the defendant sold a lot of land in Boston by auction; that the plaintiff paid to the auctioneer the deposit of $200 required, and had since in all other respects complied with the contract of sale; but that the defendant broke it, refused to convey the land to him, and conveyed it to another. A second count was for money had and received, to recover the deposit paid to the auctioneer. The answer denied each and every allegation of the declaration, and alleged that, if there was any failure on the defendant's part to convey any land to the plaintiff, it was caused by the " plaintiff's own neglect and refusal to pay the consideration and accept such conveyance, and to do and perform what was legally incumbent on him to do and perform," and that the defendant was thereby released from any such contract.

At the trial in the superior court, at January term 1865, before *Russell*, J., without a jury, the judge found for the plaintiff, and allowed a bill of exceptions, from which it appeared that he found that the bargain was given up by the parties, that subsequently the plaintiff demanded the return of the deposit from the auctioneer, but not from the defendant, that the deposit remained in the hands of the auctioneer, each party having forbidden him to pay it to the other, and that the plaintiff was entitled to recover on his count for money had and received; and that a verdict was entered in the plaintiff's favor for the amount of the deposit with interest.

These exceptions were argued in this court, and the following rescript was entered in the case: "Exceptions sustained. Brief statement of the grounds and reasons of the decision. Upon the facts found by the court, judgment should have been entered for the defendant. The court found that 'the bargain was given up by the parties.' No evidence to show that the defendant was not ready and willing to perform her contract. The plaintiff knew at the time of giving up the contract that 'the forfeit money' was in the hands of the auctioneer, forbade his paying it over to the defendant, and demanded payment to himself. He has never demanded it of the defendant; his remedy, if any, is against the auctioneer." The opinion of the court is given in *Robinson* v. *Trofitter*, 11 Allen, 339.

After this decision, the case was tried again, upon the same pleadings, in the superior court, before *Pitman*, J. The plaintiff in his opening stated that he should offer evidence only upon the count for breach of contract, and should rely solely upon that count. The defendant thereupon objected that the record of the court showed a finding that there had been no breach of contract, and the plaintiff was not entitled to recover on the first count; that this finding had never been reversed or set aside; that the plaintiff was entitled to a new trial only so far as, by an amendment of the pleadings or otherwise, he could present his case consistently with the prior adverse finding; and that the court was bound to take notice of this defence without its being pleaded. But the judge, after inspecting the record, ruled "that the trial should proceed upon the pleadings before the court, on the ground that the defendant did not show, either by record or other competent evidence, that there had been such an adverse finding as would preclude the plaintiff from going to the jury on the pleadings, and that the defendant had not alleged any such defence in her answer." And the case was tried without regard to any former trial.

The defendant offered evidence tending to show that, about July 15, 1868, since the previous decision of this court in the case, the plaintiff had demanded and received back from the auctioneer the deposit of $200. The plaintiff objected that the

evidence was inadmissible under the pleadings, and the judge excluded it.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*C. P. Hinds,* for the defendant. 1. The first count assumes that the contract is obligatory; the second, that it is vacated. The grounds that support one must defeat the other. When a general verdict is rendered on a declaration containing several counts, the court will inform itself, if possible, on which count it was rendered. Certainty of information is all that is requisite *Clark* v. *Lamb,* 8 Pick. 415. *Jones* v. *Kennedy,* 11 Pick. 125. *Coffin* v. *Jones,* 11 Pick. 45. The bill of exceptions at the first trial shows that the judge found that the contract was vacated, and therefore the plaintiff could not recover on the first count. No exception was taken to this finding, and none could be taken, for it was the finding of a fact; it was equivalent to striking the first count out of the declaration. The verdict which this court set aside was a verdict on the money count, and no other, and the sustaining of the defendant's exceptions thereto did not open the case for another trial on the first count. *Bicknell* v. *Dorion,* 16 Pick. 478. *Amherst Bank* v. *Root,* 2 Met. 522, 542. *Winn* v. *Columbian Insurance Co.* 12 Pick. 279. *Robbins* v. *Townsend,* 20 Pick. 345.

2. The payment of the deposit by the plaintiff was a continuous condition precedent to any claim by him for a deed, and the voluntary withdrawal of the deposit by him before the trial was equivalent to a relinquishment of any claim under the contract. The declaration alleged that he had paid the money and had since in all other respects complied with the contract. The answer denied each and every allegation of the declaration. The evidence as to the withdrawal of the deposit was within the issue raised by the pleadings. *Shirley* v. *Shattuck,* 13 Met. 256. *Parker* v. *Green,* 8 Met. 137. *Davis* v. *Maxwell,* 12 Met. 286. 2 Greenl. Ev. § 231. Story on Sales, § 419, and cases cited. At any rate, the evidence was admissible on the question of damages. *Dodge* v. *Tileston,* 12 Pick. 328. *Harrington* v. *Stratton,* 22 Pick. 510. *Perley* v. *Balch,* 23 Pick. 283.

*R. D. Smith,* for the plaintiff.

CHAPMAN, C. J. At the former trial the parties waived the right of trial by jury, under the Gen. Sts. *c.* 129, § 66, which provides that upon such waiver the cause shall thereupon be heard and determined by the court, and judgment entered as in case of verdict by a jury. By § 67, exceptions to the decisions and rulings of the court, upon matters of law arising upon such trial, may be filed by either party. Such exceptions were filed in this case by the defendant, which were heard in this court, and thereupon a rescript was sent, "Exceptions sustained." A question is raised as to the effect of that rescript. We think it has the same effect as it would have had upon a verdict. The language of the statute seems to imply that, as the finding stands in place of a verdict, the sustaining of exceptions generally is to have the same effect upon it as it would have upon a verdict, and that it is set aside as a verdict would be. Nor can we see any reason for not treating the findings of the jury and the judge alike in this respect; for each is a mere finding of the facts in the case. In either case, exceptions may be sustained on such grounds as to induce the court to leave the verdict or finding to stand in whole or in part. But this must appear and be stated in the rescript. The reasons given for the decision of the court, as stated in the rescript, do not modify the rescript itself; and in this case the rescript was absolute, sustaining the exceptions, and of course setting aside the finding.

Therefore, when the cause came up again for trial in the superior court, it stood as if no trial had ever been had. The plaintiff was not restrained from proving the case stated in his declaration by any evidence that might be pertinent under the pleadings. He undertook to prove that he had performed the contract on his part, but that the defendant had not conveyed the land as she had agreed to do. In his claim for damages, he did not include the sum of $200 which he had deposited with the auctioneer, but claimed only to recover for such other damages as he had suffered by the breach of the defendant's contract to convey to him. The first trial was had at January term 1865, and the defendant offered to prove that the plaintiff had since that time, namely about July 15, 1868, rescinded the contract, and received back

the sum of $200 which he had deposited with the auctioneer. This evidence was ruled out by the judge, under the pleadings. It is apparent that the fact which it was proposed to prove did not occur till after the pleadings had been filed. But by the Gen. Sts. *c.* 129, § 25, an answer may allege facts which have occurred since the institution of the suit, and the defendant may be allowed to make a supplemental answer, alleging material facts which have occurred or come to the knowledge of the party since the former answer. The importance of filing such supplemental answer, when new facts have occurred or been discovered, arises from the provision in § 20, which requires that the answer shall set forth in clear and precise terms each substantive fact intended to be relied upon in avoidance of the action. It is only by means of such an allegation that an issue can be presented to the jury in regard to such fact. Therefore the judge, after inspecting the record and ascertaining that there was no fact in issue to the jury in respect to the rescission of the contract, correctly ruled that the trial should proceed, and that upon the pleadings the defendant had not alleged such defence in the answer. It is to be considered that the withdrawal of the $200 would not necessarily be a rescission of the contract; for if, as the plaintiff contends, the defendant had conveyed the land to another person, and thereby disabled herself to convey it to the plaintiff, while the plaintiff was not in fault, the plaintiff might properly withdraw his deposit, and at the same time claim damages of the defendant for the breach of her contract. If he had left the deposit in the hands of the auctioneer undisturbed, he might have included it in his claim of damages. *Teaffe* v. *Simmons*, 11 Allen. 342. As he made no claim to this sum at the second trial, it had no bearing upon the question of damages, and the ruling in respect to it was not erroneous.  *Exceptions overruled.*