HORATIO MERRILL *vs.* EDWARD P. MERRILL.

Cumberland, 1875.—February 28, 1876.

*Exceptions. Practice.*

When exceptions to the rulings of a presiding justice trying a cause without the aid of a jury, are sustained, a trial *de novo* follows, unless it is otherwise expressly decided, and stated in the rescript.

ON EXCEPTIONS.

ASSUMPSIT for money had and received. The writ was dated October 10, 1871, and returnable to the January term, 1872. At the April term, 1873, the case was submitted to the presiding justice, (Virgin) with the right to except. The plea was the general issue, with a brief statement of the statute of limitations. When the cause came up for trial, the plaintiff moved for leave to amend

the writ by adding a count declaring on a promissory note. The presiding justice declined to allow the amendment, and the plaintiff excepted.

From the testimony introduced by the parties, the presiding justice found as matters of fact; that on July 7, 1857, the defendant gave his promissory note of that date for $1780, payable in six months from date, with interest; that the note was signed by the defendant, in the presence of an attesting witness; that on or about the time of its date, the note was delivered by the plaintiff to one S. H. Merrill, (the defendant's father) to keep until the defendant should pay to S. H. Merrill, the sum of $180, which S. H. Merrill had advanced to the plaintiff, and which amount the plaintiff indorsed upon the note, and two other sums of $200, and $26, advanced and indorsed in like manner; that the defendant had never paid but $50, towards the sums thus advanced by his father; that the note was destroyed in the great conflagration of July 4, 1866, while in the possession of S. H. Merrill; that the defendant had, since the date of the note, and prior to the date of the writ, resided without the state six years and six months.

Upon the foregoing facts, the presiding justice ruled as matter of law, that the statute of limitations was a bar to the action, and the plaintiff alleged exceptions which the full court afterwards sustained in accordance with their rescript as follows:

"An action for money had and received, sustained by a valid promissory note, signed in the presence of an attesting witness, is an action on said note within the meaning of R. S., c. 81, § 83, and may be maintained within the same limitation as if the note had been specifically declared upon."

The docket entry shows "July 23, 1874, exceptions sustained."

At the October term, 1874, the plaintiff moved that judgment be entered in his favor, upon the facts decided and reported by Mr. Justice Virgin at the April term, 1873, which last motion Mr. Justice Walton presiding, sustained, and ordered judgment for the plaintiff as therein prayed for, and the defendant excepted.

*T. B. Reed*, for the defendant.

*A. Merrill*, for the plaintiff.

VIRGIN, J. By R. S., c. 77, § 19, it is made the duty of the justice presiding at terms holden for jury trials "to decide any cause without the aid of the jury, when the parties enter upon the docket an agreement authorizing it."

This section is § 12, c. 246, of Public Laws of 1852, condensed, but without any change of the law. The object of the provision was to enable the parties to obtain the judgment of the judge upon the facts in addition to his rulings of the law. *Min. and Sch. Fund* v. *Reed,* 39 Maine, 41. His decision of the facts thus obtained is not simply and in all respects a substitute for a verdict ; for there is no provision for revising the former on motion as there is the latter. His rulings, however, are expressly open to exceptions by an aggrieved party, R. S., c. 77, § 21. And when exceptions to his rulings are sustained, then his finding of facts like a verdict is set aside, and a trial *de novo* follows, unless it is otherwise expressly decided and stated in the rescript. *Mosher* v. *Jewett,* 63 Maine, 84. *Robinson* v. *Trofitter,* 106 Mass., 51.

*Exceptions sustained.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and PETERS, JJ., concurred.