PENFIELD B. GOODSELL *vs.* ELIZA A. R. TRUMBULL.

Suffolk. Jan. 10, 11. — May 3, 1883. FIELD & W. ALLEN, JJ., absent.

Under an answer to a declaration for goods sold and delivered, alleging that, if the defendant bought such goods of the plaintiff, "he did so through the false and fraudulent representations made by the plaintiff," but containing no allegation as to what constituted, or what were the circumstances of, the alleged fraudulent representations, evidence of such representations is admissible.

CONTRACT, upon an account annexed, for goods sold and delivered. Trial in the Superior Court, without a jury, before *Bacon*, J., who allowed a bill of exceptions, in substance as follows:

The original answer was a general denial. At the trial, the defendant filed an amended answer, alleging that, if she

purchased any goods, she did so through the false and fraudulent representations made by the plaintiff; and said answer contained no allegation as to what constituted, or what were the circumstances of, the alleged fraud and fraudulent representations.  At the trial, the defendant offered evidence, under the amended answer, tending to show that at the time of the sale the plaintiff represented that said goods (which were pills) contained no mercury; and that some portions of said pills contained mercury. To all this evidence the plaintiff objected, because not open under the answer or amendment.  The judge admitted the evidence, and the plaintiff objected and excepted thereto.  The judge found for the defendant; and the plaintiff alleged exceptions.

Annexed to the exceptions was the following certificate signed by the presiding judge:

" The foregoing bill of exceptions I have examined and allowed; except that, against the objection and exception of the plaintiff, I state that I found as a fact, under a supplementary answer filed in the cause, that said goods were sold and delivered under and by virtue of a special contract, by which the plaintiff agreed that if said goods, which were medicines, did not cure the party for whom they were purchased, he would ask no pay therefor, and that said medicines did not cure said party after a fair trial thereof: and I decided the case solely upon the facts so found."

*E. B. Goodsell*, for the plaintiff.

*C. C. Barton & A. D. McClellan*, for the defendant.

DEVENS, J.  The defendant had answered to the declaration for goods sold and delivered, that, if she purchased such goods of the plaintiff, " she did so through the false and fraudulent representations made by the plaintiff."  The answer contained no allegation as to what constituted or what were the circumstances of the alleged fraud and fraudulent representations.  At the trial, the plaintiff objected to evidence that he falsely and fraudulently represented that the goods (which were pills) contained no mercury, when in fact it was contained in them, upon the ground that it was not admissible under the answer; but the presiding judge received it.

While the Gen. Sts. *c.* 129, § 20 (Pub. Sts. *c.* 167, § 20), require that " the answer shall set forth in clear and precise terms

each substantive fact intended to be relied upon in avoidance of the action," false and fraudulent representations, by which a contract is induced, are such facts. The pleading in the answer was substantially in accordance with the forms given by Chitty, and certainly as specific as those. Thus, "that the defendant was induced to enter into and to make the said agreement (or promise) by the fraud of the plaintiff;" also, "that he was induced to execute the said supposed deed by the fraud of the plaintiff." 2 Chit. Pl. (16th Am. ed.) 393. If, under the circumstances, it is proper that the plaintiff should have a more specific statement, "an order for particulars of the fraud relied on may in most cases be obtained." 2 Chit. Pl. (16th Am. ed.) 393, note *y.*

It is the intention certainly of the practice act to bring the parties to distinct and well-defined issues of fact. The allegations and denials of parties are to be "so construed by the court as to secure as far as possible substantial precision and certainty, and discourage vagueness and loose generalities." Gen. Sts. *c.* 129, § 27. Pub. Sts. *c.* 167, § 28. The court is invested with ample power to do this, by its authority in all cases to "order either party to file a statement of such particulars as may be necessary to give the other party and the court reasonable knowledge of the nature and grounds of the action or defence." Gen. Sts. *c.* 129, § 58. Pub. Sts. *c.* 167, § 61. As remarked by the commissioners who framed our system of pleading and practice, as quoted by Mr. Justice Chapman in *Oliver* v. *Colonial Gold Co.* 11 Allen, 283, "Allegations are made that the parties may have notice; but if both parties were content to act upon what they had, why should either be allowed to complain afterwards?"

In *Blake* v. *Everett*, 1 Allen, 248, the declaration set forth a deed containing a warranty against incumbrances, and alleged as a breach of the covenant the existence of certain rights of way over the land conveyed, no accurate description of their location being given, and it was held, on general demurrer, that the declaration was sufficient, the covenant and its breach being alleged; and that the minuteness with which the specification of the incumbrances should be made was a matter within the discretion of the presiding judge.

The answer in the case at bar set forth a legal defence to the action, although with vagueness and generality. Had this been seasonably called to the attention of the court by a motion for a specification of the representations relied on, it is only reasonable to believe that it would have been remedied by an appropriate order. But the plaintiff could not, by objecting to evidence in support of substantive and issuable allegations, deprive the defendant of her right to establish them. *Tapley* v. *Goodsell*, 122 Mass. 176, 181.

In this view of the case, it is unnecessary to consider what force, if any, is to be given to the supplementary statement of the presiding judge filed with his allowance of the bill of exceptions.                              *Exceptions overruled.*