ELIZABETH M. LOW, executrix, *vs.* JULIA A. LOW.

Norfolk.   November 11, 1907. — January 11, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Pleading, Civil,* Answer, Waiver of defect in pleadings.   *Waiver.*

An amended answer of the defendant in an action of contract upon a promissory note, which alleged that the plaintiff " obtained the defendant's signature to the note by deception and fraud, to wit : — by the false and fraudulent representations " of the plaintiff, was filed by consent of the plaintiff on the same day on which the case was tried, and, at the trial, the presiding judge excluded evidence tending to show the truth of its allegations.   *Held,* that, there having been no objection to the amended answer until the evidence in support of its allegations was offered, the insufficiency as a matter of pleading of the statement of the defence did not warrant the excluding of competent evidence of its truth.

CONTRACT upon two promissory notes. Writ in the Superior Court for the county of Norfolk dated March 3, 1906.

An answer was filed containing a general denial, a denial of the genuineness of the signatures on the notes, and an allegation of payment. On the day of the trial the defendant, with the con-

sent of the plaintiff, was allowed to file the following amendment to her answer: " The defendant further answering says that the plaintiff's intestate obtained the defendant's signature to the notes declared upon in this action by deception and fraud, to wit: — by the false and fraudulent representations of the plaintiff's intestate."

At the trial, which was before *Hardy,* J., it appeared that one of the notes was given in part settlement of the accounts between the plaintiff's testator and the estate of Samuel G. Low, his father, and the defendant asked a witness for the plaintiff, " Is n't it true that Mr. Low represented and stated to Julia Low that the accounts as stated there were true, and were all the accounts and all the funds of the estates in order to induce her to sign this note." The question was excluded by the presiding judge " under the form of pleadings," and the defendant excepted. No further contention being made by the defendant, a verdict was directed for the plaintiff.

*W. C. Adams,* for the defendant.

*G. A. A. Pevey,* for the plaintiff.

LORING, J. The statement of the defence set up in the amendment to the answer was insufficient as matter of pleading. But that is not a reason for excluding competent evidence of its truth. *Goodsell* v. *Trumbull,* 135 Mass. 99. *Tapley* v. *Goodsell,* 122 Mass. 176. See in this connection *Ward* v. *Merriam,* 193 Mass. 135. See also *Chace* v. *Sherman,* 119 Mass. 387, where it was held that the insufficiency of a declaration as matter of pleading cannot be raised by a request for instructions to the jury; and *Huntress* v. *Burbank,* 111 Mass. 213, where an unsuccessful attempt was made to raise that question by a request for a ruling at the beginning of the trial. The evidence before the court in *Robinson* v. *Trofitter,* 106 Mass. 51 (relied on by the plaintiff), was excluded because the affirmative defence in proof of which it was offered was not set up in the answer at all.

*Exceptions sustained.*