**Norman HALL, et al.**

v.

**Omar P. NORTON.**

Supreme Judicial Court of Maine.

Argued Sept. 8, 1988.
Decided Oct. 21, 1988.

Thomas R. Downing, (orally), Hardy, Wolf & Downing, P.A., Lewiston, for plaintiffs.

Phillip E. Johnson (orally), Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, GLASSMAN, CLIFFORD and HORNBY, JJ.

CLIFFORD, Justice.

Plaintiffs, Norman and Ida Hall, appeal from a judgment of the Superior Court, (Kennebec County; *Alexander, J.*), dismissing their case with prejudice. Because the dismissal of their complaint without prejudice, filed by the plaintiffs under M.R. Civ.P. 41(a), was effective prior to the trial court's subsequent dismissal of the action with prejudice under M.R.Civ.P. 41(b), we vacate the judgment.

The Halls, husband and wife, brought an action against the defendant, Omar P. Norton, alleging in their complaint that Norman Hall was injured in an automobile collision caused by Norton. The case was placed on the expedited pretrial list. *See* M.R.Civ.P. 16(c).

The case was set for trial for the week of February 1–5, 1988. Notice of the jury trial list was sent out by the court on January 15, 1988, and the calling of the trial calendar was set for January 29, the Friday before the Monday when the trials were to begin. The notice required motions for continuance to be filed in writing no later than January 29. Attorneys for both parties appeared for the calling of the trial calendar. On that day, the court heard the Halls' earlier filed motion to exclude the testimony of two of Norton's expert witnesses; the court granted the motion in part and denied it in part. The court set the case for trial as the number four case on the jury trial list for the following week, and jury selection was scheduled for Monday of that week, February 1. The Halls filed no written motion for continuance.

Later on the 29th, the Halls' attorney, anticipating witness availability problems, prepared and mailed to the court and to Norton's attorney a notice of voluntary dismissal under the authority of M.R.Civ.P. 41(a). No telephone notice was given to the court or to Norton's attorney. The voluntary dismissal was received and filed by the court at 9:00 a.m. on Monday, February 1. Norton's attorney, not knowing of the voluntary dismissal until Monday spent several hours over the weekend preparing for the anticipated trial. Norton thereafter filed a motion for involuntary dismissal under M.R.Civ.P. 41(b).[1] After hearing, the motion was granted and the Halls' complaint was dismissed with prejudice. The court stated that the Halls' attorney "essentially [got] a backdoor continuance by a dismissal of the case," and noted that the attorney should have notified the court and Norton's attorney of the filing of the dismissal. The court imposed

---

1. M.R.Civ.P. 41(b) provides, in pertinent part, as follows:

   **(b) Involuntary Dismissal: Effect Thereof.** (2) *On Motion of Defendant.* For failure of the plaintiff to prosecute for 2 years or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. (3) *Effect.* Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision (b) ... operates as an adjudication upon the merits.

no sanctions against the Halls or their attorney.

M.R.Civ.P. 41(a), under which the Halls dismissed their action, provides, in pertinent part, as follows:

(a) Voluntary Dismissal: Effect Thereof

(1) By Plaintiff: ... an action may be dismissed by the plaintiff *without order of court* (i) by filing a notice of dismissal at any time before commencement of trial of the action.... Unless otherwise stated in the notice of dismissal ... the dismissal is without prejudice....

(Emphasis added).

Prior to the adoption of the Maine Rules of Civil Procedure, a plaintiff could take a voluntary nonsuit as of right any time before the plaintiff's opening to the jury or to the court in a nonjury case. *Hayden v. Maine Central R.R. Co.*, 118 Me. 442, 447, 108 A. 681 (1920). That right is preserved in M.R.Civ.P. 41(a)(1). The voluntary dismissal under M.R.Civ.P. 41(a)(1) is "a matter of right, the same as a voluntary nonsuit under the old practice." 1 Field, McKusick & Wroth, *Maine Civil Practice* § 41.1, at 573 (2d ed. 1970).[2]

█ The right of the plaintiff to voluntarily dismiss an action without prejudice exists at any time before commencement of the trial of the action. The trial is commenced when the plaintiff makes an opening statement. M.R.Civ.P. 41 reporter's note, *Maine Civil Practice* at 570 (2d ed. 1970). *See The Mearl Corp. v. State Tax Assessor*, 482 A.2d 1258, 1260 (Me.1984).

█ The dismissal of the Halls' complaint in this case was filed with the court early Monday morning, before the jury selection process began. Under M.R.Civ.P. 41(a)(1), the voluntary dismissal without prejudice was effective upon its being filed even though not approved by the court. *Kennedy v. Zalenski*, 242 A.2d 685, 686 (Me.1968).

Norton contends that "commencement of the trial of the action" must be given a different meaning, such as the time of the calling of the trial calendar, in order to assure the trial court's adequate control over its trial calendar, and to effectuate the purposes of M.R.Civ.P. 16.[3] Norton points out that the court is given power under M.R.Civ.P. 16(h) to impose sanctions such as dismissal of an action with prejudice to insure compliance with provisions of Rule 16. However, we cannot ignore the plain language of M.R.Civ.P. 41(a), and the clearly expressed intent of the drafters of the rule to allow a plaintiff to voluntarily dismiss the action without prejudice and without court approval any time up to the time of plaintiff's opening statement. M.R.Civ.P. 41 reporter's note, *Maine Civil Practice* at 570 (2d ed. 1970); 1 Field, McKusick & Wroth § 41.1, at 573.

In any event, the court does not lack authority to adequately control its trial calendar and to carry out the purposes of M.R.Civ.P. 16. Rule 16(h) specifically gives the court ample power, including the power of sanctions against a party or a party's attorney, for failure to comply with Rule 16. Moreover, under M.R.Civ.P. 41(d),[4] the

---

**2.** The Maine rule differs from Federal Rule 41(a) where voluntary dismissal without prejudice and without court approval is allowed only before the filing of an answer or a motion for summary judgment, whichever comes first. Fed.R.Civ.P. 41(a).

**3.** M.R.Civ.P. 16(h), provides as follows:

(h) **Sanctions.** If a party fails to comply with the requirements of this rule or any order made hereunder, the court shall impose upon the party or the party's attorney, or both, such sanctions as the circumstances warrant, which may include a dismissal of the action or any part thereof with or without prejudice, the default of a party, the exclusion of evidence at the trial, and the imposition of costs including attorney's fees and travel.

The court may expressly order, where appropriate in its discretion, that the costs of such sanctions be borne by counsel and that they shall not be passed on to counsel's client.

**4.** M.R.Civ.P. 41(d) provides as follows:

(d) **Costs of Previously-Dismissed Action.** If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

court may assess costs against a plaintiff who brings an action that was previously voluntarily dismissed under Rule 41(a), before the second action is allowed to proceed.

 Because the plaintiffs' complaint had been voluntarily dismissed without prejudice by the Halls under the provisions of Rule 41(a), the case was no longer before the court and the subsequent order of dismissal with prejudice by the trial court under Rule 41(b) was ineffectual.

The entry is:

JUDGMENT VACATED.

Remanded to the Superior Court for entry of dismissal of the complaint without prejudice.

All concurring.