JOHN E. CASSIDY *vs.* MAURICE FARRELL.

Under an answer to a declaration on an account annexed for the price of intoxicating liquors sold to the defendant, denying generally the plaintiff's allegations and alleging that, if he shall offer any evidence tending to prove them, the defendant will offer evidence tending to prove that the liquors were sold in violation of law, it is not competent for the defendant to prove that they were thus sold.

CONTRACT on an account annexed for the price of certain quantities of rum, gin, whiskey and brandy, sold in October and November 1869 by the plaintiff to the defendant, who answered, denying generally the plaintiff's allegations, and alleging that, "if the plaintiff shall offer any evidence tending to prove the items in the account, the defendant will offer evidence tending to prove that said items were spirituous and intoxicating liquors, sold, delivered and carted by the plaintiff to the defendant in violation of the laws of this Commonwealth, and without consideration, and against law, equity and good conscience."

Trial in the superior court, before *Dewey*, J., who made a report thereof which referred to the proceedings and continued as follows : " The plaintiff proved the sale and delivery to the defendant, and no question was made but that the price charged was as agreed. The defendant stated that he relied in his defence upon the ground that the liquors were sold in violation of

law; and proposed to introduce evidence to prove the same. The plaintiff objected that this defence was not set forth in the answer as required by law. I sustained the objection; and the defendant not moving to amend his answer, a verdict was returned for the plaintiff, and I report the question for the determination of the supreme judicial court. If under the answer this ground of defence was open to the defendant, the verdict is to be set aside and a new trial granted; otherwise, judgment to be rendered on the verdict."

*J. W. Pettengill,* for the defendant.

*I. W. Richardson & I. N. Richardson,* for the plaintiff.

CHAPMAN, C. J.   By the Gen. Sts. *c.* 129, § 20, " the answer shall set forth in clear and precise terms each substantive fact intended to be relied upon in avoidance of the action." Its plain meaning is, that these facts shall be averred positively. This is in accordance with all just ideas of pleading. The allegation of the answer in this case, that " the defendant will offer evidence tending to prove that said items were spirituous and intoxicating liquors, sold, delivered and carted by the plaintiff to the defendant in violation of the laws of this Commonwealth," is not an allegation that they were thus sold, and did not authorize the defendant to offer proof of such a fact. The ruling was clearly right.                              *Judgment on the verdict.*