SAMUEL T. SUIT & another *vs.* SAMUEL WOODHALL.

Essex. Nov. 4, 1874. — Jan. 9, 1875. AMES & DEVENS, JJ., absent.

Under an answer to a declaration on an account annexed for the price of intoxi-
cating liquors sold to the defendant, alleging ignorance of the claim sued, and that
if it shall be made to appear that the plaintiff sold said items to the defendant, it
will also appear that the liquors were sold in violation of law, it is not competent
for the defendant to prove that they were thus sold.

CONTRACT on an account annexed, the first item of which was
for certain whiskey sold by the plaintiffs to the defendant on
June 17, 1874; the second item being for casings sold the same
day. The answer first set up the defendant's ignorance as to
whether the plaintiffs sold him the goods described in the account
annexed, and left the plaintiffs to their proof. It then proceeded
(omitting certain allegations as to the casings, which it is now
unnecessary to state) as follows :

" If it shall be made to appear that the plaintiffs ever sold and
delivered said items or either of them to the defendant, it will
also appear that item numbered one was intoxicating liquors, and
that item numbered two were the casings containing said liquors ;
all of which said liquors were sold by the plaintiffs to the defend-
ant, in violation of the laws of this Commonwealth relating to
spirituous and intoxicating liquors ; " also that " if it shall appear
that the plaintiffs ever sold and delivered said items or either of
them to the defendant, it will also appear that item numbered
one was intoxicating liquors, and that item numbered two were

the casings, containing said liquors ; all of which said liquors the plaintiffs sold to the defendant in another state for the purpose of being brought into this Commonwealth, to be here sold in violation of the liquor laws of this Commonwealth ; and the plaintiffs at the time of said sale and delivery had reasonable cause to believe the defendant intended to sell the same within this Commonwealth contrary to the laws thereof."

At the trial in the Superior Court, before *Lord*, J., the plaintiffs called their clerk as a witness.   Upon his cross-examination the defendant offered to prove that the liquors sued for were sold in another state by the plaintiffs to the defendant, for the purpose of being brought into this Commonwealth by the defendant, to be here sold in violation of the liquor laws of this Commonwealth ; and that the plaintiffs had, at the time of said sale, reasonable cause to believe that the defendant intended to sell the same within this Commonwealth contrary to the laws thereof. But the judge excluded the evidence, and ruled that this defence was not open to the defendant under his answer ; that the answer did not set forth in clear and precise terms the substantial facts recited in the answer, but only inferentially that from some source and in some manner such facts would appear, and that an amendment stating the facts was necessary ; but the defendant's counsel declined to ask leave to amend the answer in that respect. Whereupon the defendant submitted to a verdict for the plaintiffs, and alleged exceptions.

*E. T. Burley*, for the defendant.

*C. G. Saunders*, for the plaintiffs.

GRAY, C. J.   It is the object of every system of pleading to bring the controversy to a precise and definite issue for trial. The common law required that in every plea material facts should be alleged directly and positively.   Gould Pl. *c.* 3, § 49.   Even under the St. of 1836, *c.* 273, which abolished special pleading, and required the general issue to be pleaded in all cases, with a specification of the matters intended to be given in evidence, it was held that such a specification must contain as distinct an allegation of the grounds of defence, though not in the same technical form, as a special plea.   *Brickett* v. *Davis*, 21 Pick. 404.

The new practice act was intended, without going back to the technicalities of special pleading, to require the issues to be tried

to be more precisely and distinctly stated than under the St. of 1836. It in terms abolishes the general issue, as well as special pleas in bar as formerly used ; requires that both the denials and allegations in the anwer shall be in clear and precise terms ; permits the plaintiff to file a demurrer or a replication to the answer ; and provides that " the allegations and denials of each party shall be so construed by the court as to secure as far as possible substantial precision and certainty, and discourage vagueness and loose generalities." Gen. Sts. *c.* 129, §§ 15, 17, 20, 23, 27.

The present action is upon an account annexed for goods sold and delivered. The defendant was not entitled to avail himself of the defence that the contract of sale was illegal, without clearly and precisely setting it up in his answer. *Bradford* v. *Tinkham*, 6 Gray, 494. *Libby* v. *Downey*, 5 Allen, 299. *Cardoze* v. *Swift*, 113 Mass.

He has not pleaded such a defence otherwise than by stating that " if it shall be made to appear," or " if it shall appear," that the plaintiffs sold and delivered the goods to the defendant, " it will also appear " that they were intoxicating liquors, and the vessels containing the same, " all of which said liquors " (necessarily limited by grammatical construction to the liquors which may so appear to have been the goods sold) were sold by the plaintiffs to the defendant in violation of law.

The answer contains no clear and precise allegation that the goods sued for were sold illegally, but only that if it shall appear that the goods were sold as alleged in the declaration, it will also appear that they were sold in violation of law. The issue thereby tendered is not whether there was an illegal sale, but whether in a certain contingency it will appear that there was an illegal sale. If the plaintiff had demurred to the answer, his demurrer would not have admitted an illegal sale, but merely that it might appear that there was such an illegal sale. And if he had filed a replication, denying all the allegations in the answer, his denial would in like manner have been limited to what might be made to appear, and no issue would be joined upon what the fact was.

The case cannot be distinguished from *Cassidy* v. *Farrell*, 109 Mass. 397, in which it was decided that, in an action like the present, the defence of an illegal sale was not open under an an-

swer alleging that " if the plaintiff shall offer any evidence tending to prove the items in the account, the defendant will offer evidence tending to prove that said items were spirituous and intoxicating liquors," sold in violation of law. In this case, as in that, the allegation is of what the state of the evidence will or may be at the trial, not what was the fact at the time of the contract. In *Hanson* v. *Herrick*, 100 Mass. 323, on which the defendant relies, no question of the form of the answer was raised or considered.

It was therefore rightly ruled at the trial that no question of the illegality of the contract sued on was open to the defendant under his answer ; and the defendant having declined to accede to the suggestion of the court to amend, his

*Exceptions must be overruled.*