THE ATCHISON & NEBRASKA RAILROAD COMPANY, PLAINTIFF IN ERROR, v. FRED W. MILLER, DE-FENDANT IN ERROR.

1. **Limitation of Actions:** STATUTE MUST BE PLEAD. The statute of limitations as a defense to an action must be pleaded or it will be considered as waived by the defendant.

2. **Railroads:** RULE CONCERNING TRANSPORTATION. A rule or custom adopted by a railroad company concerning its contracts with its patrons for the transportation of grain, cannot operate upon those of its patrons who have no knowledge of the existence of such rule, and such persons will not be legally bound thereby.

3. ———: CONTRACTS FOR TRANSPORTATION: LIABILITY. When a carrier offers to carry the goods of a shipper for a certain price per car load, and the shipper accepts such offer and ships his goods thereunder, the carrier is bound thereby and cannot be heard to say he will not abide by its terms, and if a greater sum is retained by the carrier, upon sale of the goods, it will be required to respond to the shipper for such excess.

4. **Action on Contract:** ALLEGED ILLEGALITY MUST BE PLEAD. If, in an action upon a contract, fair and legal on its face, it is claimed by the defendant that the contract is void as being illegal and against public policy, such illegality must be pleaded or it will be disregarded by the court in which such action is pending.

ERROR to the district court of Richardson county. Tried below before DAVIDSON, J.

*T. M. Marquett* and *J. W. Deweese,* for plaintiff in error.

*Frank Martin,* for defendant in error.

REESE, J.

The allegations of the petition of the defendant in error, filed in the district court, were, in substance, that the defendant, plaintiff in error, was a common carrier and engaged in carrying freights, etc., from Falls City, Nebraska, to Atchison, Kansas, and various other points. That the plaintiff, defendant in error, with one George L. Moore, were engaged in the business of buying and selling grain at Falls City, and shipping the same over the road and in the cars of plaintiff in error during the years 1877 and 1878, and that on the 15th day of March, 1877, the plaintiff and defendant entered into a contract by which it was agreed that the plaintiff in error was to carry the corn of the defendant in error in car load lots from Falls City, Nebraska, to Atchison, Kansas, at the rate of twenty-two dollars per car load of twenty-four thousand pounds or less. That in pursuance of this contract Miller & Moore shipped over the road of plaintiff in error, to Atchison, one hundred and seventy-five car loads of corn, and that plaintiff in error collected and retained out of the proceeds of the corn so shipped, the sum of twenty-five dollars per car load, and agreed to pay to said Miller & Moore the difference between the amount agreed upon and the amount so retained, but had failed so to do upon demand. That the firm of Miller & Moore was dissolved in the year of 1878, and this claim transferred to Miller the plaintiff below.

To this petition a general demurrer was filed by plaintiff in error, which was overruled by the district court, whereupon plaintiff in error answered, admitting the corporate existence of defendant, but denying all other allegations of

the petition. A trial was had which resulted in a verdict and judgment in favor of the plaintiff below. The defendant company now brings the cause into this court by proceedings in error.

The proof taken upon the trial shows that on the 18th day of March, 1877, the general freight agent of plaintiff in error wrote and sent by mail to the firm of Miller & Moore, the following letter:

"ATCHISON, KAN., March 18, 1877.

"*Miller & Moore, Falls City, Neb.:*

"GENTS—I have instructed our agent to charge $22 for 24,000 or less of corn on all of your business Falls City to Atchison. "Yours Truly,

"J. E. UTT."

Miller & Moore then began shipping corn under this agreement, the freight bills being made out accordingly. Shortly afterwards, defendant in error was in the office of plaintiff in error at Falls City, and in looking over the books of plaintiff in error, he discovered that a higher rate was being charged for the transportation; this higher rate being the tariff rate of the railroad company. He enquired of the agent the cause of this, and was informed by him that the bills had been returned to him corrected so as to conform to the higher rate, and that he had "telegraphed down and wanted to know how it was his bills were sent back corrected at regular rates," and that Utt had informed him (the agent) "it was all right, and" Miller & Moore "could draw the difference in rebate, in the form of rebate." Miller & Moore continued to ship corn until about one hundred and twenty car loads were shipped, when the firm of Miller & Moore was dissolved. Upon demand by Miller for the amount due him from plaintiff in error, payment was refused, whereupon he commenced this suit for its recovery.

The first question presented by plaintiff in error in its brief is, that a part of the shipments were made more than

four years prior to the commencement of the action, and that the claim to that extent, if any ever existed, was barred by the statute of limitations. This question cannot be considered here for the reason that no issue of this character is raised by the pleadings.

The benefit of the statute, like any other personal privilege, may be waived, and will be unless pleaded. *Taylor v. Courtnay*, 15 Neb., 196. Maxwell's Pleading and Practice (1883), 79.

It is claimed by plaintiff in error that the district court erred in refusing to instruct the jury that under the evidence in the case, the contract, if any existed, would expire at the end of the year in which it was made. The plaintiff in error introduced testimony on the trial tending to show that it was a rule or custom of the company that all contracts like the one involved in this case terminated with the year in which they were entered into. This was shown by other shippers who had like contracts, and by the officers and agents of the company, but no proof was offered which, in any degree, tended to show that defendant in error or Moore had any knowledge of such custom. But upon the contrary, it was affirmatively shown by him, not only that he had no such knowledge, but that his claim had been recognized by plaintiff in error as a valid claim, and he had been assured by its officers and agents that it would be paid. If such a custom existed, it could not be claimed to bind those who had no knowledge of it, nor could it be held to bind any one if waived by the party making the rule. The court did not err in refusing the instruction.

It is next claimed by plaintiff in error that the letter introduced in evidence did not amount to a contract. Standing alone it is evident it does not. Yet when taken in connection with the other facts in the case, it is equally clear that the letter forms a part of a contract which existed as soon as accepted and performed by defendant in error.

Briefly stated, it amounts to this: Plaintiff in error, by its duly authorized agents, says to defendant in error, "You can ship over our road for $22 per car, and I have so instructed our agent at your station." The defendant in error enters upon the performance of the offered contract and so notifies plaintiff in error. When he suggests that the contract is being violated by higher charges, he is informed that "it is all right" and he can draw the difference in the "form of a rebate," and the performance of the contract is continued by both parties. It was perhaps terminable at the option of either party, but neither one saw proper to terminate it.. It must not be forgotten that the contract was executed by both of the parties to it, and this action was brought for the purpose of recovering that which was due defendant in error by virtue of his fulfillment of it, and that which was wrongfully withheld by plaintiff in error. The cases cited by plaintiff in error were actions for damages for the nonfulfillment of contracts to furnish or transport property. But had these contracts been executed, we apprehend the holding would have been different.

The next point presented by plaintiff in error is, that if the theory of defendant in error is true, then the contract was against public policy, and is void. This question is not presented by the issues in the case. It is well settled that the illegality of a contract, if relied upon as a defense, must be pleaded. *Barnett v. Glossop*, 3 Dowl., 625 (S. C.) 1 Bing., N. C., 633. *Dickson v. Burk*, 6 Ark., 412. *Stannard v. McCartey*, 1 Morr. (Iowa), 124. *Huston v. Williams*, 3 Blackf., 170. *Suit v. Woodhall*, 116 Mass., 547. *Cummins v. Barkalow*, 4 Keyes (N. Y.), 514 (S. C.) 1 Abbott, Ct. App, 479. *U. S. v. Sawyer*, 1 Gall. C. C., 87. *Chambers v. Games*, 2 Greene (Iowa), 320. 1 Chitty on Pleading, 276. 2 Id., 503 and 507.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.