ALICE MOUNTFORD vs. CUNARD STEAMSHIP COMPANY,
LIMITED.

Essex.    March 23, 1909. — May 22, 1909.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Pleading, Civil,* Answer. *Assault and Battery.    Contract.    Carrier.    Ship.
Immigrant.    Evidence,* Presumptions and burden of proof, Materiality.  *Practice,
Civil,* Exceptions, Conduct of trial.  *Damages,* For eviction from a steamship.

In an action by a passenger against the owner of a steamship the declaration con-
tained two counts, one for assault and battery in forcibly ejecting the plaintiff
from the ship, and the other for breach of contract in so doing, and the answer,
besides a general denial, stated, "If the plaintiff shall introduce evidence tend-
ing to show that at the time of the acts complained of she was a passenger . . .
the defendant will show that she was suffering from trachoma, a dangerous, con-
tagious disease, and that the defendant rightfully ejected her." A trial occurred
without objection to the form of the answer. *Held,* that, if such objection had
been taken, the defendant could not have put in any evidence of the justifica-
tion thus defectively sought to be averred.

The answer in an action by a passenger against the owner of a transatlantic steam-
ship for forcibly ejecting the plaintiff from the ship set up a general denial and
also averred that the defendant rightfully ejected the plaintiff because "he was
suffering from trachoma, a dangerous, contagious disease." *Held,* that under
such answer the defendant had no right to rely in justification of the expulsion
of the plaintiff upon evidence tending to show that such expulsion occurred be-
cause the ship's physician, a duly qualified medical man, having examined the
plaintiff, reported to the defendant that he ought not to be allowed upon the
ship because he had trachoma, a dangerous, contagious disease.

Where, in an action of tort for assault and battery to recover for forcible expul-
sion of the plaintiff, a passenger, from a transatlantic steamship of the defendant,
the answer sets up in justification of the expulsion that the plaintiff was suffer-
ing from trachoma, a dangerous, contagious disease, the burden is upon the
defendant to make out the justification alleged, and not upon the plaintiff to
disprove it by showing affirmatively that his expulsion was wrongful and
without justification.  *Whether,* where the action is for breach of contract in
committing the same act and the same justification is set up in the answer, the
same rule as to burden of proof applies, was not decided.

In an action in which the declaration contained two counts, one in tort and one in
contract, and the answer set up a justification of the acts of the defendant, and
a different rule as to the burden of proof might apply as to the different counts,
the presiding judge, against the objection and subject to an exception of the de-
fendant, ruled that the burden of proof was upon the defendant, but made no
distinction between the two counts.  The defendant did not ask that such dis-
tinction be made, and therefore this court, having decided that the ruling was
right as to the count in tort, without deciding whether it was right as to the
count in contract, overruled the defendant's exception.

Although, at the trial of an action by a passenger against the owner of a trans-
atlantic steamship to recover for an unlawful expulsion of the plaintiff, a pas-

senger, as the ship was about to sail from Liverpool, England, for Boston, where the defendant relied in his answer upon an averment that the plaintiff at the time was suffering from trachoma, a dangerous and contagious disease, evidence that, about three months before, as he was about to sail from Boston to Liverpool, the defendant's " doctors or people" examined him, and also evidence that, the morning after his expulsion by the defendant, he sailed for Boston from Liverpool by a steamship owned by a different person than the defendant, is immaterial, an exception by the defendant to its admission will not be sustained, since the defendant could not have been prejudiced by its admission.

In an action by a woman passenger against the owner of a transatlantic steamship to recover for a wrongful eviction from the ship, evidence that because of the eviction she was left in Liverpool, England, a long distance from her friends, is competent on the question of damages.

Where, in an action by a woman passenger against the owner of a transatlantic steamship to recover for an alleged wrongful expulsion from the ship, the defendant seeks to justify his acts upon the ground that the plaintiff was suffering from trachoma, a dangerous and contagious disease, testimony of the plaintiff's husband and others that, although they associated with the plaintiff intimately during periods near to the date of the expulsion, they did not contract the disease, is admissible in the discretion of the judge presiding at the trial.

TORT OR CONTRACT. Writ in the Superior Court for the county of Essex dated February 4, 1905.

The first count of the declaration alleged in substance that the plaintiff, having purchased a ticket for passage from Liverpool, England, to Boston upon the Ivernia, a steamship of the defendant sailing between those ports, boarded the steamship with her baggage, that " after the pretense of a medical examination of herself by the defendant company's agents and servants, she was assaulted by the agents and employees of said company and with great force and violence was ejected from said steamship." The second count stated that, " relying upon said promise and agreement of the defendant company, she boarded said steamship at said Liverpool on said day, with her baggage and presented her said ticket, but that the defendant company in violation of its said promise, agreement and contract with her, with force and violence put her off of said steamship and wholly deprived her from passage therein. Wherefore the defendant company owes the plaintiff damages for its breach of said contract."

The case was tried before *Sanderson*, J. There was evidence tending to show that at the time of the expulsion of the plaintiff complained of, she was not suffering from trachoma. Other facts are stated in the opinion.

At the close of the evidence, the defendant requested the presiding judge to rule as follows:

" 1. Upon all the evidence the plaintiff cannot recover in this action. . . .

" 3. If, at the time of the acts complained of, the plaintiff was suffering from trachoma, the defendant company would have been guilty of a crime against the laws of the United States of America if it had brought her to this country.

" 4. If, at the time of the acts complained of, the plaintiff was suffering from trachoma, it was the duty of the defendant company, under the laws of the United States, to remove her from its steamer and to use whatever force was reasonably necessary to remove her.

" 5. If, at the time of the acts complained of in her declaration, the plaintiff was suffering from trachoma, the defendant was justified in removing her from its steamer, and in so removing her was justified in using whatever force was reasonably necessary. . . .

" 7. Upon all the evidence in this case the jury would not be justified 'in finding that the medical officer of the defendant company who examined the plaintiff was not competent.

" 8. If the medical officer, who examined the plaintiff on board the ship at Liverpool, had reasonable grounds to believe and did believe that the plaintiff was suffering from trachoma at the time of the acts complained of in her declaration, the defendant was justified in removing her from said ship, and in using to remove her from said steamship whatever force was reasonably necessary.

" 9. There is no evidence upon which the jury would be justified in finding that the medical officer who examined the plaintiff on board ship at Liverpool did not, upon reasonable grounds, believe that she had trachoma.

" 10. The Cunard Steamship Company, upon being informed by their medical officer that the plaintiff was suffering from trachoma at the time of the acts complained of in her declaration, was justified in removing her from their steamship and was justified in using as much force as was reasonably necessary to remove her therefrom.

" 11. If the defendant company used reasonable care in the

appointment of their surgeon, and said surgeon at the time of the acts complained of in the plaintiff's declaration, after examining the plaintiff, notified the defendant company that she had trachoma, the defendant had a right to remove the plaintiff from their steamship and were justified in using as much force as was reasonably necessary to remove her. . . .

"16. The burden of proving that she was wrongfully removed from the defendant's steamship rests on the plaintiff."

The judge refused to rule as requested, and in his charge submitted to the jury the following question: "Was the plaintiff afflicted with a dangerous, contagious disease at the time of her removal from the defendant's ship?" The jury answered "No," and found for the plaintiff. The defendant alleged exceptions.

*W. L. Putnam & J. L. Putnam*, for the defendant.

*A. P. White*, for the plaintiff.

SHELDON, J. The first count of the plaintiff's declaration is in tort, and the gravamen of the charge made therein is that she was assaulted by the defendant's agents and employees and forcibly ejected from the defendant's steamship. Her second count avers that she bought from the defendant a ticket for her passage from Liverpool to Boston and paid the defendant therefor, and the defendant in consideration thereof agreed to furnish to her transportation on its steamship Ivernia for such passage; and that she boarded that steamship at the appointed time and place with her baggage and presented her ticket, but that the defendant, in violation of its agreement with her, "with force and violence put her off of said steamship and wholly deprived her from passage therein." The defendant in answer denied all her allegations, and then added to its answer by amendment these words: "If the plaintiff shall introduce evidence tending to show that at the time of the acts complained of in her declaration she was a passenger on the defendant's steamer, the defendant will show that she was suffering from trachoma, a dangerous, contagious disease, and that the defendant rightfully ejected her from its steamer." Under this averment in the answer, the defendant of course could not, if the objection had been taken, have put in any evidence of the justification thus defectively sought to be averred. *Cassidy* v. *Farrell*, 109 Mass. 397. *Suit* v.

*Woodhall,* 116 Mass. 547.   But no objection was taken to this form of averment, and we must now treat the answer as having sufficiently alleged that the plaintiff was suffering from trachoma, and so that the defendant was justified in ejecting her from its steamer.

At the trial, the defendant contended that the plaintiff was suffering from the disease mentioned; and that it was therefore justified in excluding her, both at common law and under the U. S. St. of 1903, c. 1012, 32 U. S. Sts. at Large, 1213, §§ 2, 9, 11, 13.   The judge who presided at the trial ruled in substance that if the defendant showed by a fair preponderance of the evidence, the burden of proof being upon it, that the plaintiff was afflicted with trachoma, and that this was a dangerous, contagious disease, then the defendant both had the right and was under the duty to put her off the boat, using only reasonable force in so doing.

The defendant also contended at the trial " that its ship doctor, a duly qualified medical man, whose duty it was to examine the plaintiff and other third cabin passengers, having examined the plaintiff and reported to the defendant's agents that the plaintiff ought not to be permitted to sail because she had trachoma, a dangerous, contagious disease, the defendant was justified in removing her from [its steamship], both under the United States statutes and at common law."   This contention the defendant presented to the judge in its requests for rulings; but he refused to rule in accordance therewith, and ruled that to make out a justification the defendant must show that the plaintiff, when she was ejected from the defendant's ship, was suffering from a dangerous, contagious disease.

In our opinion it now must be taken that this ruling was made upon the pleadings in the case.   Express reference to them is made in the bill of exceptions, and that must have been intended for some purpose.   But we have seen that the only justification set up in the answer is that the plaintiff was actually " suffering from trachoma, a dangerous, contagious disease."   If therefore the burden was upon the defendant to make out a justification and not upon the plaintiff to disprove it by showing affirmatively that her removal from the defendant's ship was wrongful and without justification, it follows

that the ruling upon this question was right, because the defendant had no right to rely upon a justification which it had not set up in its answer.

In our opinion it cannot be doubted that as to the first count of the declaration the burden did rest upon the defendant. That was expressly decided in *St. John* v. *Eastern Railroad,* 1 Allen, 544, a case somewhat similar to this. *Jackson* v. *Knowlton,* 173 Mass. 94. *Hathaway* v. *Hatchard,* 160 Mass. 296. As to the second count, if the case stood upon that alone, there would be much ground for the contention that, as t was intimated in *St. John* v. *Eastern Railroad, ubi supra,* might be the case, the burden was upon the plaintiff to show as well her legal right to be carried on the steamship to Boston as to show that violence had been done to her person. There certainly would be much to say upon both sides of the question. It was admitted that the defendant had sold to the plaintiff a ticket by which it promised for a valuable consideration to give to her the transportation to which she claimed to be entitled. So far as appears, it did not return or offer to return to her the passage money which she paid to it. It had received her baggage without objection, and retained this on board of its ship without any offer or attempt to return it to her. It contended that by reason of the sickness of the plaintiff it was justified in refusing to carry out its agreement made with her. But we do not think it necessary to pass upon this question. The case was tried as a whole. The defendant's contention that the burden rested throughout upon the plaintiff was made as to the whole case. The judge's attention was not called to any difference between the two counts, and the defendant's counsel in their learned and able argument in this court have not set up any such difference, but have made their contention here also upon the whole case. As the case was presented to him at the trial, we are of opinion that the judge properly ruled that the burden was upon the defendant to prove the justification which it had set up, and that it could not rely upon any other justification than the one which it had set up in its answer.

Accordingly the defendant's first, eighth, tenth, eleventh and sixteenth requests for instructions were properly refused, and

the defendant has no right of exception to what was said upon these subjects in the instructions given to the jury. The fourth and fifth requests were given in substance, subject to the qualification of the jury's finding that the plaintiff's trachoma was then a dangerous and contagious disease; and this has been negatived by the special finding of the jury. In our opinion, the defendant cannot now complain of this qualification. The third, seventh and ninth requests were not material to the issue before the jury, and the judge had a right to refuse them.

The testimony of the plaintiff that when she went to Liverpool early in the summer of 1904 she was examined "by the Cunard doctors or people," and that this included an examination of her eyes, and her testimony that she sailed from Liverpool in the morning after her eviction from the Ivernia on a vessel of another line seems to us to have been immaterial. The defendant could not have been prejudiced by the admission of this testimony. And the testimony of the plaintiff that she was left in Liverpool at a long distance from her friends cannot be said to have been incompetent. If the defendant was liable for the assault and eviction, evidence of what immediately and naturally followed thereon was competent on the question of damages. *Blake* v. *Damon,* 103 Mass. 199.

The testimony of the plaintiff's husband and of other witnesses that their intimate relations with her * were not followed by any trouble with the eyes, was competent in the discretion of the presiding judge. *Field* v. *Gowdy,* 199 Mass. 568, 574. *Sargent* v. *Merrimac,* 196 Mass. 171, 174.   *Yore* v. *Newton,* 194 Mass. 250.   *Reeve* v. *Dennett,* 145 Mass. 23.   *Baxter* v. *Doe,* 142 Mass. 558.

The other exceptions taken have not been argued.

*Exceptions overruled.*

---

* The plaintiff's husband testified that he and the plaintiff, during their married life of more than fifteen years, used the same towels, slept in the same bed, took their meals together and made no effort of any kind to use separate articles, and that he never had any trouble with his eyes. Mrs. Nellie Reed, who lived in the same house with the plaintiff for a considerable time before plaintiff went to Europe and after her return, testified that she had no trouble with her eyes.