WILLIAM H. WHITTINGSLOW vs. GEORGE S. THOMAS.

Suffolk.   November 10, 1920. — January 7, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Pleading, Civil,* Answer.   *Contract,* Validity.

In an action for work and labor performed, where the answer is merely a general denial, the defendant is not entitled to have a ruling given at the close of all the evidence that "the contract declared on in the . . . declaration and as testified to by the plaintiff, is void, being within the operation of the contract labor laws of the United States, (23 U. S. Sts. at Large, 332, § 2; 39 U. S. Sts. at Large, 879, § 5,) " even if the evidence shows that, under a contract with the defendant void for the reason given in the request, the plaintiff was procured to come from England and to perform for the defendant the work and labor for which he sought recovery.

CONTRACT, with a declaration in two counts, the first alone being material and being for $850 "for work and labor performed at the rate of $50 per month from January 1, 1915, to June 1, 1916, together with interest." Writ dated September 29, 1919.

The answer was a general denial.

In the Superior Court, the action was tried before *Hall,* J. The material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict for him be ordered and, that motion being denied, asked for the following ruling:

"2. That the contract declared on in the first count of the plaintiff's declaration and as testified to by the plaintiff, is void, being within the operation of the contract labor laws of the United States (23 U. S. Sts. at Large, 332, § 2; 39 U. S. Sts. at Large, 879, § 5)."

The ruling was refused. The jury found for the plaintiff on the first count of the declaration in the sum of $1,037; and the defendant alleged exceptions.

*P. D. Turner, Lee M. Friedman & P. A. Atherton,* for the defendant, submitted a brief.

*A. L. Woodman,* for the plaintiff.

De Courcy, J. The jury found for the plaintiff on both counts of his declaration; the first being for work and labor done, and the second for money had and received. The second is not material to these exceptions, as admittedly the plaintiff is entitled to judgment thereon.

It appeared in evidence that the plaintiff worked for the defendant, at Hamilton, Massachusetts, for about two years preceding the summer of 1914, when he returned to England. He testified that, while both parties were in England in September, 1914, he offered to come back for $50 a month, board and room, and that Thomas said that was all right; and that about October 1 he came to the United States and worked for the defendant. The defendant denied making any such contract.

There was further evidence to show that the plaintiff was a professional dog breeder and trainer; that on his arrival he went to work for the defendant at his dog kennels in Hamilton, and received $50 per month wages for the months of October, November and December, 1914. The first count of the declaration is for work and labor performed at the rate of $50 per month from January 1, 1915, to June 1, 1916. For these months the plaintiff was not paid; and when he was voluntarily leaving the employ of the defendant, they had an accounting together and $850 was found to be due.

The record does not contain all the evidence in the case. At its close the defendant requested the trial judge to rule, "That the contract declared on in the first count of the plaintiff's declaration and as testified to by the plaintiff, is void, being within the operation of the contract labor laws of the United States (23 U. S. Sts. at Large, 332, § 2; 39 U. S. Sts. at Large, 879, § 5)." The only question before us is raised by the exception to the judge's refusal to give this ruling.

If the defendant, after availing himself of the plaintiff's services for seventeen months, desired to avoid paying for them on the ground that they were performed under a contract that was illegal by force of the federal contract labor law, it was necessary for him to set up that defence in his answer. R. L. c. 173, § 27. *Cassidy* v. *Farrell,* 109 Mass. 397. *Suit* v. *Woodhall,* 116 Mass. 547. *O'Brien* v. *Shea,* 208 Mass. 528, and cases cited at page 535. Failing so to plead, he could not as of right offer evidence of such

illegality, or avail himself of it when disclosed in the plaintiff's testimony.  See *Cardoze* v. *Swift,* 113 Mass. 250, 252.  It was said in *O'Brien* v. *Shea, supra,* "the court will recognize no absolute duty to interfere and of its own mere motion to sustain a defence not set up by the party, and generally will not so interfere, unless, first, the plaintiff's declaration shows that he relies upon an illegal agreement or violation of law, or, secondly, unless he has been obliged to show his own guilt in fully proving his case."  Neither alternative is present here.  The plaintiff did not declare on an express contract, much less an illegal one.  And as all the evidence is not before us, we cannot say that the work, plainly lawful in itself, was not performed under an implied contract, rather than under an express one, the making of which was denied by the defendant.  See *Day* v. *Caton,* 119 Mass. 513; *Goddard* v. *Rawson,* 130 Mass. 97; *Spencer* v. *Spencer,* 181 Mass. 471; *Dickey* v. *Putnam Free School,* 197 Mass. 468.

Assuming then, that a contract such as the plaintiff testified to would be in violation of said contract labor law of 1885 (see *Church of the Holy Trinity* v. *United States,* 143 U. S. 457; *United States* v. *Laws,* 163 U. S. 258; *In re Ellis,* 124 Fed. Rep. 637; *Ellis* v. *Williams,* 200 U. S. 623), under the pleadings it is not now open to the defendant to avail himself thereof.

*Exceptions overruled.*