JOHN W. LEWIS *vs.* NELLIE M. RUSSELL.

Middlesex.    May 3, 1939. — September 12, 1939.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Pleading, Civil*, Answer. *Evidence*, Presumptions and burden of proof, Competency.

Insanity is an affirmative defence to be pleaded and proved by the defendant in an action of contract.

Collection by QUA, J., of decisions illustrating the principle of law that a pleading defective only in matters of form cannot be attacked for

the first time when evidence is offered in support of it at the trial on the merits if it can reasonably be construed to contain the substance of a cause of action or defence.

An answer, .in an action upon an account annexed for goods sold, that the defendant was insane "for a long time prior to" a certain date stated in the account as one upon which "payment was due and duly demanded," no date of sale of any item being set forth in the declaration, did not meet the requirements of G. L. (Ter. Ed.) c. 231, § 28.

Evidence to support an affirmative defence which the defendant had failed to plead adequately in substance in his answer was properly excluded although the plaintiff had introduced evidence which tended to supply the inadequacy.

CONTRACT upon an account annexed containing twenty-three numbered items. Writ in the Superior Court dated January 19, 1937.

At the hearing by *M. Morton,* J., the plaintiff introduced evidence that his assignor received from the defendant orders for the goods dated July 31, 1935, and that in pursuance of the orders the assignor shipped the goods to the defendant's consignee.

There was a finding for the plaintiff in the sum of $1,716.60.

*H. J. Finkelstein & S. Andelman,* for the defendant, submitted a brief.

*A. H. Grauman,* for the plaintiff.

QUA, J. This is an action of contract on an account annexed to recover for various specified quantities of "wood shanks" sold by U. S. Peg-Wood & Shank Co., the plaintiff's assignor, to the defendant. The question is whether the defendant's answer was adequate to permit the defendant to introduce evidence of her insanity as a defence.

The body of the plaintiff's declaration does not state the date or dates of the contract or contracts of sale. The account annexed is headed,

"Nellie M. Russell                          August 12, 1935.
          TO    U. S. Peg-Wood & Shank Co.,    Debtor."

There are twenty-three items in the account, none of which shows the date of any sale. Item 21 is as follows:

"21 — Interest from August 12, 1935, upon
              which date payment was due and
              duly demanded, to January 5, 1937      127.17."

The defendant's answer sets up a general denial, pleads payment, denies the existence "at the commencement of this action" of any such corporation as the plaintiff's "supposed assignor" and then continues, "And further answering the defendant says that for a long time prior to August 12, 1935, she was insane." There was no demurrer to the answer. At the trial, after the plaintiff had rested, the defendant offered evidence of the defendant's insanity "as the ground for the defendant's nonliability." The judge ruled that "There is no claim in your answer that this contract was void by reason of insanity, a blanket statement that she was insane for a long time prior to August isn't a claim that she was insane at the time of these transactions"; that "that answer contains no allegation of insanity sufficient to warrant evidence going in as to this particular contract in question"; and that the issue of insanity could not be raised before him. The defendant excepted.

The plaintiff was not obliged to prove the sanity of the defendant as a part of the plaintiff's *prima facie* case. *Howe* v. *Howe*, 99 Mass. 88, 98. It follows that the defendant must in express terms plead insanity as a defence. *Mulry* v. *Mohawk Valley Ins. Co.* 5 Gray, 541. *Amsinck* v. *American Ins. Co.* 129 Mass. 185, 187, 188. *Friedenwald Co.* v. *Warren*, 195 Mass. 432, 434. *McRae* v. *New York, New Haven & Hartford Railroad*, 199 Mass. 418. *Mark* v. *Stuart-Howland Co.* 226 Mass. 35, 42. In *Mitchell* v. *Kingman*, 5 Pick. 431, 434, it was said that a defendant might prove his insanity under the general issue, but that case was decided in 1827, before the general issue was abolished, and under a practice different from that now prevailing, and this statement as to the method of pleading is inconsistent with later statutes and decisions. The change in practice is fully explained in *Mulry* v. *Mohawk Valley Ins. Co.* 5 Gray, 541, 542.

A correct and proper answer must "state clearly and precisely each substantive fact intended to be relied upon in avoidance of the action." G. L. (Ter. Ed.) c. 231, § 28. See also § 26 and the corresponding provision as to declara-

tions contained in § 7. On the other hand, defects in a declaration or answer which relate to form and not to substance must be attended to by demurrer or in some other appropriate manner before trial, and a pleading containing only such defects cannot be allowed to slumber in the case and then be attacked as insufficient for the first time when evidence is offered in support of it at the trial. At that time the pleading should be held sufficient if it can reasonably be construed to contain the substance of a cause of action or defence. This principle, although seldom discussed at length, is illustrated by many decisions, some of which are collected in the footnote.*

The decision in this case, therefore, depends upon whether the language of the answer does in some form of words state the defence of insanity. It is not enough that the defence be suggested or hinted at, or even that the plaintiff be reasonably caused to expect that it will be asserted. The defence is not pleaded unless the words of the answer can be found to include in some form all that need be shown to defeat the action. The allegations may be brief or in sweeping generalities, or in the form of conclusions, or otherwise objectionable, but they must be there.

We are forced to the decision that the answer does not state a defence. Insanity of the defendant at some time other than that of the making of the sale or sales is not a defence. The declaration does not allege that the sale or sales were made on August 12, 1935. The inference would rather be that that was the date of a demand for payment. The most that can be said is that the declaration seems to show that the sale or sales were made on or before August 12. If we assume that much, then the answer says no more than that the defendant was insane "for a long time"

---

* *Robinson* v. *Wadsworth*, 8 Met. 67. *Blaisdell* v. *Gladwin*, 4 Cush. 373. *Clay* v. *Brigham*, 8 Gray, 161. *Preston* v. *Neale*, 12 Gray, 222. *Batchelder* v. *Batchelder*, 2 Allen, 105. *Beatty* v. *Randall*, 5 Allen, 441. *Shawmut Mutual Fire Ins. Co.* v. *Stevens*, 9 Allen, 332. *Upham* v. *Damon*, 12 Allen, 98. *Huntress* v. *Burbank*, 111 Mass. 213. *Downs* v. *Hawley*, 112 Mass. 237. *Chace* v. *Sherman*, 119 Mass. 387, 391. *Tapley* v. *Goodsell*, 122 Mass. 176, 181. *Goodsell* v. *Trumbull*, 135 Mass. 99. *Howland* v. *George F. Blake Manuf. Co.* 156 Mass. 543, 567. *Phipps* v. *Bacon*, 183 Mass. 5, 6. *George N. Pierce Co.* v. *Beers*, 190 Mass. 199, 204. *Ward* v. *Merriam*, 193 Mass. 135. *Low* v. *Low*, 197 Mass. 158. *Breen* v. *Burns*, 280 Mass. 222, 227.

before the last date on which the sale or sales could have been made. But the sale or sales may equally well have been made a "long time" before the demand and a "long time" before August 12. There is nothing whatever to indicate how long the "long time" mentioned in the answer was, or whether it was longer or shorter than the time which may have elapsed between the sale or sales and August 12. It is as if the answer had said that the defendant was insane "for a long time" before the date of the writ or before any other arbitrarily selected date having no relation to the date of the sale or sales. Moreover the answer does not even say that the defendant was insane on August 12. She may have ceased to be insane long before that date and long before the making of the sale or sales if they were made before that date. Defects in the pleading cannot be supplied by reference to the evidence introduced by the plaintiff at the trial. Either the defence was pleaded or it was not pleaded without reference to the evidence. This case is not within the authority of the cases hereinbefore referred to in each of which the pleading did contain a statement of a case or a defence in some form, but rather comes within *Cassidy* v. *Farrell,* 109 Mass. 397, *Suit* v. *Woodhall,* 116 Mass. 547, *Jackman* v. *Doland,* 116 Mass. 550, *Caverly* v. *McOwen,* 123 Mass. 574, 577, and *Mountford* v. *Cunard Steamship Co. Ltd.* 202 Mass. 345, 348. See *Malden Trust Co.* v. *George,* 303 Mass. 528, 531.

This decision does not affect the power of the Superior Court in its discretion to allow the defendant to amend her answer on motion filed before judgment, if, under all the circumstances, justice appears to require such amendment. *West* v. *Platt,* 124 Mass. 353, 355. *Libby* v. *New York, New Haven & Hartford Railroad,* 277 Mass. 1. See Rule 79 of the Superior Court (1932).

*Exceptions overruled.*