No. 946 Southern Norfolk, ss.
PUBLIC FINANCE CORP. (David Rosen)
v. KILEY (A. T. Handverger)
From the District Court of Western Norfolk—Coughlin, J.
Argued July 17, 1941—Opinion filed Oct. 3, 1941

Rowe, J. (Sanborn, P. J., and Briggs, J.)—In this action the plaintiff as payee, seeks to recover from the defendant as comaker and loan made thereon to one of these latter signers. The judge found for the plaintiff. The defendant signed and handed to one of the other two co-makers an incomplete promissory note. The latter delivered the note still incomplete, to the plaintiff who filled in the blanks of the amount of the note and terms of payment. It was then signed by the other comaker and loan made thereon to one of these latter signers. The defendant had no knowledge of the above facts occurring after she delivered the note to the co-maker. The defendant contends the plaintiff cannot recover on these facts.

The plaintiff, although a holder for value, would not be a holder in due course. The case is governed by G. L. (Ter. Ed.) c. 107, s. 36, which provides that "where the instrument is wanting in any particular the person in possession thereof has prima facie authority to complete it by filling in the blanks

therein. . . . In order, however, that any such instrument when completed may be enforced against any person who became a party thereto prior to its completion, it must be filled in strictly in accordance with the authority given, and within a reasonable time."

There was evidence from which the court could find that there was authority for the note to be completed as to the amount of the principal which was later filled in, but there is no evidence stated in the report as to the plaintiff being authorized to complete the note so far as this defendant is concerned as to date, amount of each payment or time between payments of instalments on the note.

But under the statute, the plaintiff had the right to complete the note subject to its being filled in strictly in accordance with the authority given. The plaintiff had a prima facie authority, but that prima facie authority could have been met by proof of the authority actually given. *Tremont Trust Co.* v. *Noyes,* 246 Mass. 197, 206. The burden of such affirmative proof (of which there was no evidence here) was on the defendant. *Windahl* v. *Vandewilt,* 203 N. W. (Ia.) 252, 253. *Bloom* v. *Horwitz,* 166 N. Y. S. 786, 789. The finding for the plaintiff was proper so far as this issue is concerned.

The defendant further contends that one engaged in the small loan business must prove he is duly licensed before he can maintain an action on the loan, and that otherwise the loan is void and cannot be collected, by virtue of G. L. (Ter. Ed.) c. 140, s. 96, 110, even though the illegality is not pleaded.

In the instant case the defendant did not plead illegality. This is one of the cases in which illegality should have been pleaded if the defendant intended to rely upon that defence. *Whitingslow* v. *Thomas,* 237 Mass. 103, 105. Generally the burden of proof to show illegality is upon the defendant. *Northcutt* v. *Highfill,* 9 S. W. (2nd) (Ky.) 456.

The defendant says that although illegality was not pleaded that the trial judge in his special findings found that there was evidence that the plaintiff was licensed and that he erred in refusing the defendant's request that there was no evidence to justify such finding. This travels in a circle. If the request should have been granted then the case reverts back to its original situation of no evidence on a point as to which the defendant should have pleaded specially if she desired to take advantage of it and as to which she did not so plead.

The defendant was not aggrieved here. The judge committed no error in finding for the plaintiff whether he came to that conclusion on the case as the pleadings stood or whether he erroneously (as contended by the defendant) thought there was evidence that the plaintiff was licensed and should have ruled that there was no such evidence. There was no prejudicial error. *Putnam* v. *U. S. Trust Co.,* 223 Mass. 199, 203. *Proctor* v. *Dillon,* 235 Mass. 538, 540.

Report dismissed.