No. 286041

## ELIOT RESTAURANT CORPORATION

v.

## THE HURRICANE, INC.

(November 7, 1952.)

*Tomasello, J.* In an action of contract for a refund of one-fifth the price paid for a quantity of liquor, which was sold under a bill of sale as "quarts," when, as agreed by the parties, they were in fact "four-fifths" of a quart, the defendant pleaded a general denial.

The bill of sale in question, which did not bear the seal of the corporation, purported to be signed for and in behalf of the corporation, "The Hurricane, Inc., by s/ Frank Lang, Agent — Treasurer." The sale was made subject to the outstanding indebtedness of the United States Trust Company, Boston, Massachusetts, in the sum of $5,057.45, secured by warehouse receipts covering the items in the bill of sale and items sold on the same date by the named seller "The Hurricane, Inc." to the Dartmouth Restaurant Corporation and Mallow's Tavern, Inc., which the buyer agreed to assume and pay. The contention of the defendant is that Frank Lang had no authority to sign the bill of sale and that the transaction was voided by virtue of illegality. The bills of sale to the Dartmouth Restaurant Corporation and the Mallow's Tavern, Inc., were similarly executed as in the instant case.

The plaintiff, through a witness Paul Bromley, offered evidence, part of which was admitted *de bene* and not requested by either party to be stricken out, (*C.* v. *Sheppard,* 313 Mass. 590, 596) to the effect that about August 25, 1947 he dealt with the defendant, acting through Lang, who approached him to sell him the defendant's interest in some liquor in a bonded warehouse, on which the defendant had a loan with the United States Trust Company, which it was not able to pay. The witness was informed that Lang was President, owned most of the common stock of and dealt for the defendant corporation. He further testified he was a frequent visitor at the defendant's place of business, and Lang was in complete charge of The Hurricane, Inc.; that Lang hired and fired help and in general operated the

place; and that Lang executed the loan and signed the note and other papers for The Hurricane, Inc., with the United States Trust Company.

One Richard Payne, who purchased The Hurricane, Inc., about February 1, 1949 without knowledge of the transactions, testified that in the purchase of all of the stock of the defendant corporation he dealt with said Frank Lang, and his brother and brother-in-law; that he conducted his business with Lang; that Lang owned some of the stock and he bought Lang's stock; that Lang did all that was necessary for the sale; that he believed Lang was President of the corporation.

The defendant's requests for rulings and their disposition by the trial judge with which the defendant claims to be aggrieved are:

1. Upon all the evidence the Court must find for the defendant. *Denied.*

2. The burden of proving the authority of one Lang to act for the defendant corporation in the sale of the liquors is on the plaintiff, and having failed to so prove, the defendant is entitled to a finding in its favor.

> *The request is correct law as to the burden of proof, but I do not find the facts assumed. I find Lang had authority to make the sale and that the defendant retained the benefits to it of the sale.*

3. Title to the liquor set forth in the plaintiff's declaration was in the United States Trust Company and not in the defendant. Any representation made by one Lang in reference to said liquors cannot, in the absence of proof of authority to make them, bind the defendant. *Denied because I do not find all the facts assumed. See No. 2.*

4. Section 22a of the Liquor Control Act requires that a permit be issued by the Alcoholic Beverages Control Commission. No evidence showing the issuance of such a permit being obtained, the defendant is entitled to a finding in its favor. *Denied.*

5. Under the ruling of the Alcoholic Beverages Control Commission, the sale of liquors must be between a

going concern and one that is an ex-licensee. The Hurricane, Inc. was a going concern at the time so that no permit could have been issued by the Alcoholic Beverages Control Commission for the sale of the liquors. *Denied.*

6. There being no evidence that the defendant corporation, The Hurricane, Inc., at any time ceased to do business, no valid permit, required under Section 22a, Chapter 138, could be issued and no legal transfer could be consummated. The contract being an illegal one, the defendant is entitled to a finding in its favor, by the Court. *Denied. The illegality was not pleaded or proved.*

The question whether one is acting within the scope of his authority as agent for another is usually one of fact depending upon the inference to be drawn from the circumstances relating to the conduct of the apparent agent. *Rintamaki* v. *Cunard Steamship Co.*, 205 Mass. 115, 117; *McCarthy* v. *Brockton Nat. Bank*, 314 Mass. 318, 323 and the burden of proving the existence of such authority is on the plaintiff. *James F. Monaghan, Inc.* v. *M. Lowenstein & Sons, Inc.*, 290 Mass. 331, 333.

The evidence introduced at the trial by the plaintiff to the effect that in dealing with the plaintiff and others, Frank Lang assumed the entire conduct of the business of the defendant corporation, managed its affairs and exercised control over its personnel, warranted the trial judge in concluding that this burden of proof had been established.

As to the illegality claimed by the defendant, this was an affirmative defense and should have been pleaded. *Suit* v. *Woodhall*, 116 Mass. 547. The trial judge was not required to consider evidence to support an affirmative defense which the defendant had failed to plead adequately in his answer, even though evidence was introduced which tended to supply the inadequacy. These defects in the pleading could not be supplied by reference to the evidence introduced. *Lewis* v. *Russell*, 304 Mass. 41, 45.

[85]

The defendant's contention that the seller was a licensed liquor dealer and that it had not been issued a permit as required by section 22A of the Liquor Control Act (Gen. Laws, ch. 138), did not warrant the trial judge in exercising his prerogative of considering the alleged illegality as conclusive of the issues disclosed by the record, in the absence of adequate pleadings. The transaction upon its face appeared to have been legally conducted and there was no obligation under such circumstances to conclude that it was otherwise.

This case is distinguishable from the cases relied upon by the defendant. *Claflin* v. *United States Credit System,* 165 Mass. 501; *Tocci* v. *Limbo,* 325 Mass. 707 in that there is nothing appearing upon the record to indicate that the sale was obviously illegal. In such an instance the trial judge was not required to invoke his discretion, without proper pleading, in determining the question of legality.

We are of the opinion that the trial judge ruled and concluded properly.

Report dismissed.

Friedman, Atherton, King & Turner,
 for the Plaintiff.

Edwin D. Gallagher, for the Defendant.